## HESS *v.* SHORB.

A judgment for the garnishee in an attachment in execution, on his answer, is improper; the court can do no more than refuse judgment for the plaintiff.

Testator directed his land to be sold by his executor after the death of his widow, and the proceeds distributed among his three children. The interest of a child cannot be attached in the hands of the executor before the event happens on which the power may be executed. Per Gibson, C. J.

IN error from the Common Pleas of Northampton.

*Dec.* 20. The plaintiff filed interrogatories in an attachment on a judgment against S. Miller. The garnishee, denying the possession of any goods, &c., admitted the defendant was entitled to an estate in remainder, which was directed to be sold by the will of defendant's father after the death of the widow. He also stated that he supposed he would be the proper person to sell if he survived

the widow, and that he was the executor of the will. On the hearing, the will of testator was read, which directed the land to be sold by the executors after the death or marriage of testator's widow, and the proceeds distributed among his children, of whom the defendant in the judgment was one. The court gave judgment for the garnishee.

The error assigned was in giving judgment for the garnishee, and that it should have been for plaintiff *quando*.

*M. H. Jones*, for plaintiff in error.—No judgment can be entered for the garnishee, otherwise the plaintiff will be deprived of his right to a trial by jury: Adlum *v.* Yard, 1 Rawle, 169—180; Walker *v.* Wallace, 2 Dall. 113. The rule is that the plaintiff may *elect* to rely on the answer of the garnishee.

But the answer was like a plea of *plene administravit*, and the plaintiff was entitled to a judgment with stay of execution until the money was received under the execution of the power: Reinhart *v.* Harrison, 1 Bald. 177. No injury could result from this, as a *sci. fa.* must precede the execution: Mara *v.* Quin, 6 Term Rep. 1; Troub. Hal. Prac. 232; or the court could make such order as will secure the garnishee: Ayccnena *v.* Peries, 2 Barr, 286; 4 Serg. & Rawle, 213.

*Reeder* and *Porter*, contrà.—This is but an experiment to get round the decisions in Morrow *v.* Brenizer, 2 Rawle, 290; Allison *v.* Wilson, 13 Serg. & Rawle, 330; Steeck *v.* Mackey, 4 Watts & Serg. 196; and fasten a lien on a contingent right to mere personal property.

*Dec.* 27. GIBSON, C. J.—The exhibition of interrogatories in attachment, is a measure to charge, and not to discharge the garnishee. It is in the nature of a bill of discovery; and if he confess nothing, the parties are where they started. If he disclose enough to show that the plaintiff has a case, there is to be judgment on his confession without going further; but if his answers contain no more than a denial of the facts charged, the plaintiff is no more bound by it than he would be bound by a denial in an answer to a bill in chancery. All that can be said in such a case is, that the interrogatories have failed to produce the effects expected from them. But that does not preclude the plaintiff from going before a jury to make out his case by proofs *aliunde*. It is said, however, that the answers were treated as a case stated by tacit consent; and that the cause was argued on the legal effect of the facts which they disclose.

It is doubtless so; but if counsel find themselves caught by indulgence in a practice so loose, it is out of our power to extricate them. The plaintiff is certainly entitled to a trial; and for that reason we are bound to reverse the judgment, though it is impossible to see how any evidence can make the supposed interest in contest a subject of attachment. Nothing is admitted to be in the garnishee's hands but a naked and contingent power to sell the testator's land at the death of his widow, and distribute the proceeds of it to the legatees. If judgment were presently rendered against him, how could his estate be discharged of the debt if he died before her? He can have nothing in his hands to answer it till then; and even should he survive her, the legatees may elect to take their shares as land, and dispense with a sale for conversion altogether. But even on the most obvious principles, a naked power is not a subject of execution under the statute, any more than it is so at the common law. The present is an attempt to get round the principle of Allison *v.* Wilson, and Morrow *v.* Brenizer, and it must not be allowed to prevail.          Judgment reversed, and *procedendo* awarded.